# IN RE: OPANA ER ANTITRUST LITIGATION.

## MDL No. 2580.

United States Judicial Panel on Multidistrict Litigation.

Dec. 12, 2014.

Before SARAH S. VANCE, Chair, MARJORIE O. RENDELL, LEWIS A. KAPLAN, ELLEN SEGAL HUVELL, R. DAVID PROCTOR, and CATHERINE D. PERRY, Judges of the Panel.

## TRANSFER ORDER

SARAH S. VANCE, Chair.

**Before the Panel:**[*] Plaintiff in one action in the Northern District of Illinois moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of six actions pending in two districts, as listed on Schedule A.[1] All plaintiffs and defendants[2] in the actions support centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants Endo and Impax violated federal and state antitrust laws by excluding generic competition for Endo's name brand drug Opana ER, an extended release opioid pain medication. The defendants' alleged anticompetitive conduct includes engaging in baseless patent infringement litigation and entering into an anticompetitive reverse payment agreement in order to prevent generic competitors of Opana ER from entering the market. All of the actions are putative nationwide class actions on behalf of either direct or indirect purchasers of Opana ER. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. *See, e.g., In re: Lidoderm Antitrust Litig.,* 11 F.Supp.3d 1344 (J.P.M.L.2014) (centralizing six putative class actions premised on allegedly anticompetitive settlement agreements).

We conclude that the Northern District of Illinois is an appropriate transferee district for this litigation. This district, which has the unanimous support of all plaintiffs and defendants, provides a geographically central forum for this nationwide litigation that will be convenient and accessible for the parties and witnesses. Three of the six actions are pending in this district, and two potential tag-along actions also are pending there. Judge Harry D. Leinenweber is an experienced transferee judge, and we are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Harry D. Leinenweber for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

MDL No. 2580 — IN RE: OPANA ER ANTITRUST LITIGATION

*Northern District of Illinois*

*WISCONSIN MASONS' HEALTH CARE FUND v. ENDO HEALTH SOLUTIONS, INC., ET AL.,* C.A. No. 1:14–04651

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

1. The Panel has been notified of three potentially related actions. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

2. The defendants are Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co. (collectively, Endo) and Impax Laboratories Inc. (Impax).

VALUE DRUG COMPANY v. ENDO HEALTH SOLUTIONS, INC., ET AL., C.A. No. 1:14–05416

PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND v. ENDO HEALTH SOLUTIONS, INC., ET AL., C.A. No. 1:14–06171

Eastern District of Pennsylvania

ROCHESTER DRUG CO–OPERATIVE, INC. v. ENDO HEALTH SOLUTIONS, INC., ET AL., C.A. No. 2:14–03185

FRATERNAL ORDER OF POLICE, MIAMI LODGE 20, INSURANCE TRUST FUND v. ENDO HEALTH SOLUTIONS, INC., ET AL., C.A. No. 2:14–03190

MASSACHUSETTS BRICKLAYERS & MASONS HEALTH AND WELFARE FUND v. ENDO HEALTH SOLUTIONS, INC., ET AL., C.A. No. 2:14–04355